CAMDEN SAVINGS BANK *vs.* JONATHAN P. CILLEY.

Knox.     Opinion September 18, 1890.

*Promissory Note.    Interest.    Voluntary Payments.*

If the maker of a promissory note payable in one year with interest at seven and three-tenths per cent, continues voluntarily to pay the same rate after

maturity. he can not, in the absence of any fraud, have the excess then deducted from the principal.

ON REPORT.

The facts are stated in the opinion.

*Montgomery and Montgomery*, for plaintiff.

*J. O. Robinson and J. F. Libby*, for defendant.

Interest is not to be computed at more than six per cent after maturity of note. Plaintiff entitled to interest by operation of law, at legal rate only, and not by terms of contract. *Deshler* v. *Holmes*, 18 At. Rep. 75, (N. J. 1888.)

Banks forbidden, since 1873, (R. S., c. 47, § 31,) from taking more than six per cent, "unless by agreement in writing."

VIRGIN, J. Assumpsit on the defendant's promissory note to the plaintiff bank, dated June 29, 1872, for $2000, payable in one year after date, at the rate of seven and three-tenths per cent in advance, — the court "to determine the amount due upon the note and to render such judgment as the legal rights of the parties require."

The bank could have collected six per cent only as interest on this note after it matured, if no interest thereon had been paid. But there is no law in this state which forbids the maker of a note paying more than six per cent; and if he does in fact voluntarily pay more, although his note does not in terms require it, he cannot, in the absence of fraud practiced upon him, legally claim to have the excess deducted from the principal. *Lindsay* v. *Hill*, 66 Maine, 212; *Holmes* v. *French*, 68 Maine, 525.

The reported evidence shows that, the defendant continued, for twelve years after the maturity of the note, to pay interest at the rate specified therein, sometimes a year in advance and at other times six months in advance; and with a few exceptions, they were made by the defendant's check inclosed in letters therein expressly appropriating the payments "on account of interest on my [his] note."

The payments were not always made on the precise day the interest was due, but if a few days had intervened, the indorsements on the back of the note would be made on such day for convenience. For instance : In the defendant's letter bearing date January 3, 1875, the year was erroneous and obviously should have been 1876. There were two other subsequent indorsements of interest in 1875, and there was none due in January of that year. And being so early · in the new year, the defendant evidently wrote the old year by mistake. The payment was indorsed on December 29, 1876.

All the interest was paid until December 29, 1884. On January 10, 1887, (indorsed January 11, 1887,) defendant inclosed his check for $150, "to be indorsed on my note at your bank, the note originally $2000," — nothing in regard to appropriating it to the payment of interest as in all · his letters of previous dates. This sum should be appropriated as a general partial payment on the note.

All the interest and no more, having been paid to December 29, 1884, and no further payments of interest as such having been subsequently made, interest from and after that date should be computed at the rate of six per cent in accordance with the rule established in *Leonard* v. *Wildes*, 36 Maine, 265, and the clerk is appointed master to compute the sum. due under that rule on the last day of the March term, 1890, for which sum judgment is to be rendered.

*Deshler* v. *Holmes*, 44 N. J. Eq. 581, cited by the defendant's counsel, is not applicable to this case ; for here the defendant is a member of the bar, and was not ignorant of the law.

> *Judgment for the plaintiff for the amount due on the note.*

PETERS, C. J., WALTON, LIBBEY, HASKELL and WHITEHOUSE, JJ., concurred.